UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 23cr10186-ADB |
| | ) | |
| JAQUORI LYONS, et al. | ) | |

MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)

The United States, with the assent of the defendants Jaquori Lyons, Joan Avalo-Quezada, Trevon Bell, Amos Carrasquillo, Deshawn Cirino, Dominique Finch, Tyrre Herring, De'vonne McDonald-Jones, Amani Perkins, Michael Riley, and Keyon Roberson[1], through their respective counsel, hereby submits this status memorandum addressing the issues set forth in Local Rule 116.5(b)(1) through (b)(10).

The above parties request that an Interim Status conference be set in 60 days to allow the parties to continue in the discovery process and to resolve outstanding discovery issues. The above parties also request that the Initial Status

---

[1] The government has been unable to meet and confer with counsel for defendants Zion Ford and Rickquille McKinney as to the status memorandum.  In addition, defendant Keonte Campbell has not had his initial appearance before the Court as he was recently arrested outside of the District of Massachusetts and is still in transit to this District.

Conference set for April 3, 2024, be cancelled in lieu of the Interim Status Conference in 60 days.

As a general overview, the primary charge in the pending case is RICO conspiracy under 18 U.S.C. § 1962(d) – all defendants are charged with RICO conspiracy.  There is significant discovery associated with this charge.  The government has made two discovery productions as of the present date, involving several hundred written reports, electronic materials (including recorded videos and social media postings), and materials related to search warrants.  The parties are in the process of discussing and resolving various potential discovery issues, including the production of phone evidence through a protective order.  The requested continuance is necessary to continue the discovery process.

Time has been excluded under the Speedy Trial Act through April 3, 2024 [see Doc. 117].  The parties further agree to the exclusion of time under the Speedy Trial Act to the next scheduled Status Conference in the interests of justice given the ongoing discovery process as such time is necessary for the parties to review discovery, resolve outstanding discovery issues, and prepare for trial.  On this point, the above parties further agree that the case should be declared complex for the purposes of the Speedy Trial Act.

(b)(1) and (2)

As noted above, the government is in the process of producing discovery and has made two productions as of the present date.  The government will make additional discovery productions in the future.

The parties have been discussing the production of phone data recovered from over twenty cellular phones.  Given the potential for personal information being maintained on these phones, the parties are working on a protective order to allow for an expedient production of this evidence.

The parties are also involved in discussions regarding the production of discovery to defendants who are being detained pretrial.  As one element of these discussions, the parties are reviewing the feasibility of using laptop computers for this discovery.  The defendants, through counsel, are in contact with court administrators on this issue.  If laptop computers are to be used, the government is prepared to load discovery onto the laptop computers.  Counsel for the defendants are further reviewing the potential use of a coordinating discovery attorney to facilitate the organization and production of discovery in this case.

The defendants are in the process of reviewing the initial discovery productions and may make additional discovery requests based upon their review.

Finally, to aid in the review of the discovery, counsel for the government has already met with counsel for some of the defendants to review certain significant evidentiary areas (not the government's entire potential case at trial) regarding the RICO conspiracy case against the respective defendants.  The government is prepared to meet with all counsel to conduct such a review and to follow-up with counsel on questions arising from such a review.

(b)(3)

As noted above, the government will be producing additional discovery in multiple productions.  Some of the additional discovery will be produced under a protective order on which the parties are meeting and conferring.  Additional discovery may also be necessary based upon requests by the defendants.

(b)(4)

As noted above, the parties are working on a protective order to be used in the production of phone data from seized cellular phones.  Additional protective orders will likely be necessary for additional sensitive materials, including

4

materials related to potential cooperators and/or trial

witnesses.

__(b)(5)__

The parties request that motion dates be set at a later

Status Conference.

__(b)(6)__

The parties request that the timing of expert reports be

set at a later date due to the complexity of this case and the

need to meet and confer as to an appropriate disclosure schedule

prior to any trial.

__(b)(7)__

No defense of insanity, public authority or alibi are

expected at this time.

__(b)(8)__

Time has been excluded through April 3, 2024.  The above

parties further agree, in light of ongoing discovery and the

review of discovery by the defendants, that time be excluded

until the next Interim Status Conference under the Speedy Trial

Act. The above parties further agree that the case should be

declared complex for the purposes of the Speedy Trial Act given

the complex nature of the RICO conspiracy charge and the

significant amount of discovery associated with the RICO

conspiracy charge.

(b)(9)

    The parties have not yet engaged in substantive plea

discussions given the extent of the discovery in this case and

the early stage of this case.  The parties further request that

estimated length of a potential trial be provided at a later

date to allow the defendants to review discovery regarding the

primary RICO conspiracy charge.  As noted above, such discovery

is extensive.

(b)(10)

    The parties request an interim status conference in 60 days

to allow discovery to continue and to allow the parties to meet

and confer about outstanding discovery issues, including the

protective order and the possibility of loading discovery onto

laptop computers.

                        Respectfully submitted,

                        JOSHUA S. LEVY
                        Acting United States Attorney

                        */s/ Michael Crowley*
                        MICHAEL CROWLEY
                        SARAH HOEFLE
                        Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the below date.

/s/ *Michael J. Crowley*

March 29, 2024            Michael J. Crowley, AUSA