

# ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

JAMES C. DUFF
Director

WASHINGTON, D.C. 20544

June 20, 2019

MEMORANDUM

| | |
|---|---|
| To: | Judges, United States District Courts |
| | United States Magistrate Judges |
| | Circuit Executives |
| | Federal Public/Community Defenders |
| | District Court Executives |
| | Clerks, United States District Courts |
| | Circuit CJA Case-Budgeting/CJA Supervising Attorneys |
| | CJA Panel Attorney District Representatives |
| From: | James C. Duff |
| RE: | MANAGING LARGE VOLUMES OF DISCOVERY IN FEDERAL CJA CASES (INFORMATION) |

This memorandum is to remind you of the services available from the Defender Services' National Litigation Support Team (NLST) for managing large volumes of discovery in federal Criminal Justice Act (CJA) cases.

NLST provides assistance to the Judiciary, CJA panel attorneys, and federal defender organizations (FDOs) on matters related to electronic discovery and litigation support. NLST is available to provide advice, make recommendations on funding requests involving e-discovery, and advise courts and parties about economical and practical solutions to e-discovery issues. *See, Guide to Judiciary Policy*, Vol. 7A, § 320.70.40. NLST also provides training on various litigation support software programs, is familiar with effective ways to manage electronic discovery and leverage various litigation support software tools, and can provide guidance on how to utilize third party vendors in a cost-effective manner.

Attached is a description of two additional forms of assistance that are available to CJA counsel: Coordinating Discovery Attorneys (CDAs) and Casepoint. Both are part of a set of national litigation support strategies approved by the Judicial Conference Committee on Defender Services and managed by the NLST.

If you have any questions regarding NLST services, please contact Sean Broderick, National Litigation Support Administrator, or Kelly Scribner, Assistant National Litigation Support Administrator, at 510-637-3500, or by email at: Sean_Broderick@fd.org or Kelly_Scribner@fd.org.

Attachment

---

Attachment

# Defender Services National Litigation Support Team:
## Services for Managing Large Volumes of Discovery in Federal CJA Cases

*Coordinating Discovery Attorneys*

Coordinating Discovery Attorneys (CDAs) work with defense counsel on cases in which there are a large number of defendants, voluminous data, or complicated electronic discovery issues. The five CDAs under contract with the Defender Services Office are **Russell M. Aoki** of Aoki Law PLLC in Seattle, Washington; **Angela Campbell** of Dickey and Campbell Law Firm PLC in Des Moines, Iowa; **Julie de Almeida**, in private practice in New York City, New York; **John C. Ellis, Jr.**, in private practice in San Diego, California; and **Emma M. Greenwood**, who is in private practice in New York, New Y. These attorneys have experience working on CJA cases and are knowledgeable about effective review strategies for the type of e-discovery prevalent in federal criminal cases. They have been appointed by district courts throughout the United States to serve as the CDA in complex criminal cases and in this capacity, have ensured that defense counsel have the necessary technology support to manage large volumes of discovery; assisted in controlling costs by seeking cost-sharing opportunities with the Government whenever possible; and made certain that vendors provide quality services at the best possible rates.

CDAs can provide additional in-depth and significant hands-on assistance to CJA panel attorneys and FDO staff in cases that require technology and document management expertise, including facilitating the implementation of the "[Recommendations for Electronically Stored Information (ESI) Discovery Production in Federal Criminal Cases](#)" (Recommendations). CDAs evaluate the level of computer sophistication of each lawyer and staff member; identify the types of discovery involved; assist in dialogue with the U.S. Attorney's Office regarding the volume, form and timing of discovery productions (as explicitly encouraged in the Recommendations); assist in deciding how best to distribute the discovery; help determine what technology and other resources are necessary for discovery review and management; and aid in maintaining quality control of the discovery review process. By using a CDA, discovery is generally provided in a more useful form; one knowledgeable person assesses the case's litigation support needs and assists counsel in obtaining the resources necessary to meet them; discovery is more effectively and efficiently tracked; the purchase of litigation support software, hardware, and services is more cost effective; discovery is provided in a more timely manner; and the overall case processing times and costs are likely to be reduced.

To contain costs and maximize benefits, the CDAs focus on a limited number of cases each year that have been identified as needing a CDA based on the complexity of the matter, the number of parties involved, or the nature and/or volume of the discovery. **If the court, a panel attorney or FDO is interested in utilizing the services of a CDA, one of the CJA attorneys in the case should first communicate with the NLST.** After an initial consultation with the

NLST, and a second one with one of the CDAs, a decision will be made about the use of the CDA's services in the subject case. Factors considered in determining whether a CDA will work on a particular case are:

- whether the number of co-defendants is so large as to create a risk of costly duplicative efforts, which could otherwise be eliminated or reduced upon the appointment of a CDA, or whether there are other factors that create a likelihood that the CDA's participation would enable costs to be contained;

- whether the volume of discovery is so large that addressing the organizational needs in the case would interfere with defense counsel's ability to address the legal and factual issues in a case;

- whether unusual organizational or technological issues exist, not commonly found even in complex cases, that would interfere with defense counsel's ability to address the legal and factual issues in a case;

- whether the case is prosecuted in a region that lacks experts who can provide necessary technology support and document management expertise in addressing the factors described above;

- whether the timing of the request, which preferably should be made early in a case, is such that the CDA's participation is likely to be of assistance to defense counsel, promote efficiency, and contain costs; and,

- the CDA's workload.

Not all factors need to be present to seek the services of the CDA. In determining how much weight to provide each factor, the seriousness of the alleged offense will be considered.

The National Litigation Support Administrator (NLSA) makes an initial decision as to whether to assign a CDA to assist on a case. After the NLSA determines that the services of a CDA would be of assistance, CJA counsel should petition the court to appoint the CDA to assist defense counsel in the particular case. The petition should be submitted ex parte because of the need to describe possible discovery management strategies and potential future costs. The court's appointment of the CDA to work with all defense counsel in the case provides authority for the CDA to confer directly with the prosecution on issues of discovery, which allows for better coordination and overall cost-efficiencies regarding information exchange. If the motion is granted, the services for CDAs and their staff are paid by the NLST. If the CDA determines that the assistance of a third party vendor would be beneficial, the CDA will file a funds request with the district court on behalf of CJA panel counsel for the assistance. Before such a request, CJA panel counsel are polled to see if they believe the services are needed for the case.

### *Online Document Review Platform (Casepoint)*

Casepoint is an online document review platform that can be useful in cases with voluminous discovery, multi-defendant cases, and cases where the defense team members are in different locations. (NOTE: A document review platform uses a database and other tools to facilitate the capture, organization, review and analysis of e-discovery. As mentioned in the Criminal e-Discovery: A Pocket Guide for Judges, a document review platform can be useful in federal criminal cases.[1]) The Defender Services Office has a contract with Casepoint LLC to use its online, e-Discovery platform. Casepoint includes computerized early case assessment, technology assisted review (TAR), and data processing. The platform has an easy-to-use interface which makes its accessible to all end users, from novice users to legal professionals who are experienced with other document review platforms.

Casepoint is designed to assist attorneys and their staff in organizing, managing and analyzing large volumes of discovery. Using a secure, hosted document review platform such as Casepoint is advantageous in multi-defendant cases with large volumes of information. Case materials are located in one central repository and easily reviewed, tagged and accessed by all defense teams from wherever they are as long as they have an internet connection. This greatly alleviates the need for panel attorneys to have specific hardware, software or IT support usually necessary to utilize similar review platforms on a local office network. Along with the online document review platform, Casepoint, LLC provides project management expertise and training for all users of the system.

Casepoint and other legal review platforms are different from online storage services such as Box.com and Dropbox, in that its database allows for better organization, greater search capabilities and greater capability to work collaboratively with other members of the defense team. In multi-defendant cases, all parties can share a single repository and still maintain their own work product such as notes pertaining to a particular document, in a private area not accessible by the other parties. Not only can a web-hosted platform be available to attorneys and their immediate staff, parts of the database can also be provided to experts and others working on the case who need to only look at select materials as set aside by the defense team.

For additional information, please contact Sean Broderick, National Litigation Support Administrator, or Kelly Scribner, Assistant National Litigation Support Administrator, at 510-637-3500, or by email at: Sean_Broderick@fd.org or Kelly_Scribner@fd.org.

---

[1] Published by the FJC, Criminal e-Discovery: A Pocket Guide for Judges is a resource for judges and lawyers working on federal criminal cases who need guidance on how best to address e-discovery issues.