UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      )
                              )
          v.                  )  Criminal No. 23cr10186-ADB
                              )
JAQUORI LYONS, et al.         )
```

<u>MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)</u>

The United States, with the assent of the defendants Jaquori Lyons, Joan Avalo-Quezada, Trevon Bell, Keonte Campbell, Amos Carrasquillo, Deshawn Cirino, Dominique Finch, De'vonne McDonald-Jones, Amani Perkins, Rickquille McKinney, Michael Riley, and Keyon Roberson, through their respective counsel, hereby submits this status memorandum addressing the issues set forth in Local Rule 116.5(b)(1) through (b)(10).1

The above parties request that another Interim Status Conference be set in 60 days to allow the parties to continue in the discovery process and to resolve outstanding discovery issues. The above parties also request that the Interim Status

---

1 The government has been unable to meet and confer with counsel for defendants Tyrre Herring or Zion Ford as to this status memorandum of the date of the filing of this memorandum.

Conference set for June 3, 2024, be cancelled in lieu of the Interim Status Conference in 60 days.

As noted in previous filings, the primary charge in the pending case is RICO conspiracy under 18 U.S.C. § 1962(d) – all defendants are charged with RICO conspiracy.  There is significant discovery associated with this charge, including both paper discovery and electronic discovery.

The government has made three discovery productions as of the present date, involving several hundred written reports, electronic materials (including recorded videos and social media postings), and materials related to search warrants.

The parties are still in the process of discussing and resolving various potential discovery issues, including the production of phone evidence through a protective order.  In this regard, the government has produced a draft protective order to counsel for the defendants.

Given the complexity and amount of discovery in the case, the defendants have also filed a joint motion seeking the appointment of a coordinating attorney for discovery.  It is the government's understanding that the motion is pending.  If the motion is granted, the remaining discovery, including significant amounts of electronic evidence seized from over

2

twenty cellular phones, will be provided to the coordinating attorney for subsequent use by the defendants.

Time has been excluded under the Speedy Trial Act through June 3, 2024 [*see* Doc. 143].  The parties further agree to the exclusion of time under the Speedy Trial Act to the next scheduled Status Conference in the interests of justice given the ongoing discovery process as such time is necessary for the parties to review discovery, resolve outstanding discovery issues, and prepare for trial.  Based upon the forgoing, the parties further request that the case be designated as complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii).

<u>(b)(1) and (2)</u>

As noted above, the government is in the process of producing discovery and has made three productions as of the present date.  The government will make additional discovery productions in the future.  As noted above, these productions will include electronic data from over twenty seized phones, additional law enforcement reports (including state materials related to homicide investigations), and recorded jail communications.

The parties have been meeting and conferring regarding the production of phone data recovered from over twenty cellular

phones.  Given the potential for personal information being maintained on these phones, the parties are working on a protective order to allow for an expedient production of this evidence.  The government has produced a draft protective order to counsel for the defendants.

The parties are also involved in discussions regarding the production of discovery to defendants who are being detained pretrial.  As noted previously, the parties are reviewing the feasibility of using laptop computers for this discovery.  The defendants, through their counsel, are in contact with court administrators on this issue.  If laptop computers are to be used, the government is prepared to load discovery onto the laptop computers.  In addition, as noted above, the defendants have filed a motion seeking the appointment of a coordinating discovery attorney to facilitate the organization and production of discovery in this case.  The motion is pending.

The defendants are in the process of reviewing the initial discovery productions and may make additional discovery requests based upon their review.

Finally, as set forth in previous status pleadings, to aid in the review of the discovery, counsel for the government has already met with counsel for some of the defendants to review

certain significant evidentiary areas (not the government's entire potential case at trial) regarding the RICO conspiracy case against the respective defendants. There are additional defendants who are scheduling meetings on this topic. The government is prepared to meet with all counsel to conduct such a review and to follow-up with counsel on questions arising from such a review.

(b)(3)

As noted above, the government will be producing additional discovery in multiple productions. Some of the additional discovery will be produced under a protective order on which the parties are meeting and conferring. Additional discovery may also be necessary based upon requests by the defendants.

(b)(4)

As noted above, the parties are working on a protective order to be used in the production of phone data from seized cellular phones. Additional protective orders will likely be necessary for additional sensitive materials, including materials related to potential cooperators and/or trial witnesses.

<u>(b)(5)</u>

The parties request that motion dates be set at a later Status Conference.

<u>(b)(6)</u>

The parties request that the timing of expert reports be set at a later date due to the complexity of this case and the need to meet and confer as to an appropriate disclosure schedule prior to any trial.

<u>(b)(7)</u>

No defense of insanity, public authority or alibi are expected at this time.

<u>(b)(8)</u>

Time has been excluded through June 3, 2024.  The above parties further agree, in light of ongoing discovery and the review of discovery by the defendants, that time be excluded until the next Interim Status Conference under the Speedy Trial Act. The above parties further agree that the case should be declared complex for the purposes of the Speedy Trial Act given the complex nature of the RICO conspiracy charge and the significant amount of discovery associated with the RICO conspiracy charge.

<u>(b)(9)</u>

The parties have not yet engaged in substantive plea discussions given the extent of the discovery in this case and the early stage of this case.  The parties further request that estimated length of a potential trial be provided at a later date to allow the defendants to review discovery regarding the primary RICO conspiracy charge.  As noted above, such discovery is extensive.

<u>(b)(10)</u>

The parties request an interim status conference in 60 days to allow discovery to continue and to allow the parties to meet and confer about outstanding discovery issues, including the protective order, the coordinating discovery attorney, and the possibility of loading discovery onto laptop computers.

    Respectfully submitted,

    JOSHUA S. LEVY
    Acting United States Attorney

    */s/ Michael Crowley*
    MICHAEL CROWLEY
    SARAH HOEFLE
    Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the below date.

|  |  |
|---|---|
| May 30, 2024 | /s/ *Michael J. Crowley* <br> Michael J. Crowley, AUSA |