UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 23-cr-10186-ADB |
| | ) | |
| JAQUORI LYONS, et al. | ) | |

MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)

The United States, with the assent of the defendants
Jaquori Lyons, Joan Avalo-Quezada, Trevon Bell, Keonte Campbell,
Amos Carrasquillo, Deshawn Cirino, Tyrre Herring, De'vonne
McDonald-Jones, Rickquille McKinney, Michael Riley, and Keyon
Roberson, through their respective counsel, hereby submits this
status memorandum addressing the issues set forth in Local Rule
116.5(b)(1) through (b)(10).[1]

The above parties request that another Interim Status
Conference be set in 60 days to allow the parties to continue in
the discovery process and to resolve outstanding discovery
issues.  The above parties also request that the Interim Status
Conference set for November 21, 2024, be cancelled in lieu of
the Interim Status Conference in 60 days.

---

[1] The government has been unable to meet and confer with counsel for
defendants Trevon Bell, Zion Ford, Dominique Finch or Amani Perkins as to
this status memorandum of the date of the filing of this memorandum.

As noted in previous filings, the primary charge in the pending case is RICO conspiracy under 18 U.S.C. § 1962(d) – all defendants are charged with RICO conspiracy.  There is significant discovery associated with this charge, including both paper discovery and electronic discovery, including electronic evidence seized from numerous cellular phones.

The government has made multiple discovery productions as of the present date, involving several hundred written reports, electronic materials (including recorded videos and social media postings), materials related to search warrants, jail calls and related materials, materials related to financial crimes, and materials related to homicide investigations. Since the last Status Memo, the government has produced over twenty-five phone extractions pursuant to a proposed protective order finalized by the parties and filed with the Court on September 19, 2024. [*see* ECF Dkt. No 213].

The government has also met with additional counsel to discuss the general parameters of the government's case against various defendants.  The government is also aware that there are pending discovery access issues related to certain defendants who are being held pretrial.  The government will meet and confer with defense counsel to work on a solution(s) to any such access issues.  In this regard, the government has raised with

defense the possibility of using court-owned laptop computers to provide access to detainees.

Time has been excluded under the Speedy Trial Act through November 21, 2024 [*see* ECF Dkt. No. 219].  The parties[2] further agree to the exclusion of time under the Speedy Trial Act to the next scheduled Status Conference in the interests of justice given the ongoing discovery process as such time is necessary for the parties to review discovery, resolve outstanding discovery issues, and prepare for trial.  Based upon the forgoing, the parties further request that the case be designated as complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii). (b)(1) and (2)

As noted above, the government is in the process of producing discovery and has made approximately eight productions as of the present date, including a production involving electronic information from over twenty-five cellular phones. The electronic phone evidence involves thousands of electronic communications.

The parties are also involved in discussions regarding the production of discovery to defendants who are being detained pretrial.  The government has recently received information that

---

[2] Defendant Riley does not assent but notes that both Riley and his counsel are still reviewing discovery in preparation for trial.

certain defendants are having access issues as to discovery while being detained.  The government is prepared to work with defense counsel to resolve the issues.  As discussed previously, the parties are reviewing the feasibility of using laptop computers for this discovery.  The defendants, through their counsel, are in contact with court administrators on this issue. If laptop computers are to be used, the government is prepared to load discovery onto the laptop computers.

The government will make additional discovery productions in the future, including additional law enforcement reports and materials related to various investigations.  The government is in the process of obtaining legal possession of additional certain materials, including from state files.

The defendants are in the process of reviewing the initial discovery productions and may make additional discovery requests based upon their review.

Finally, as set forth in previous status pleadings, to aid in the review of the discovery, counsel for the government continues to meet with counsel for defendants to review certain significant evidentiary areas (not the government's entire potential case at trial) regarding the RICO conspiracy case against the respective defendants. The government is prepared to

meet with all counsel to conduct such a review and to follow-up with counsel on questions arising from such a review.

(b)(3)

As noted above, the government will be producing additional discovery.  Additional discovery may also be necessary based upon requests by the defendants.

(b)(4)

As noted above, the parties have finalized a protective order to be used in the production of phone data from seized cellular phones.  Additional protective orders will likely be necessary for additional sensitive materials, including materials related to potential cooperators and/or trial witnesses.

(b)(5)

The parties request that motion dates be set at a later Status Conference.

(b)(6)

The parties request that the timing of expert reports be set at a later date due to the complexity of this case and the need to meet and confer as to an appropriate disclosure schedule prior to any trial.

(b)(7)

No defense of insanity, public authority or alibi are expected at this time.

(b)(8)

Time has been excluded through November 21, 2024.  As noted above, the parties further agree, in light of ongoing discovery and the review of discovery by the defendants, that time be excluded until the next Interim Status Conference under the Speedy Trial Act. The above parties further agree that the case should be declared complex for the purposes of the Speedy Trial Act given the complex nature of the RICO conspiracy charge and the significant amount of discovery associated with the RICO conspiracy charge.

(b)(9)

The parties have not yet engaged in substantive plea discussions given the extent of the discovery in this case and the early stage of this case.  The parties further request that estimated length of a potential trial be provided at a later date to allow the defendants to review discovery regarding the primary RICO conspiracy charge.  As noted above, the RICO discovery is extensive, and involves crimes dating back over a period of multiple years.

(b)(10)

The parties request an interim status conference in 60 days to allow discovery to continue and to allow the parties to meet and confer about outstanding discovery issues, including the protective order and the possibility of loading discovery onto laptop computers.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Michael Crowley*
MICHAEL CROWLEY
SARAH HOEFLE
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the below date.

November 18, 2024        */s/ Michael Crowley*
                         Michael Crowley
                         Assistant U.S. Attorney

-7-