UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | No. 23-cr-10186-ADB |
| ) | |
| JAQUORI LYONS, et al.    ) | |

<u>MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)</u>

The United States, based on communications with defense counsel for defendants Trevon Bell, Keonte Campbell, Deshawn Cirino, Tyrre Herring, Jaquori Lyons, De'Vonne Mcdonald-Jones, hereby submits this status memorandum addressing the issues set forth in Local Rule 116.5(b)(1) through (b)(10).[1]

The above parties request that another Interim Status Conference be set in 60 days to allow the parties to continue in the discovery process and to resolve outstanding discovery issues. The above parties also request that the Interim Status Conference set for January 23, 2025, be cancelled in lieu of the Interim Status Conference in 60 days.

---

1 As of the date of the filing of this memorandum, the government has not received responses regarding this status report from counsel for defendants Joan Avalo-Quezada, Amos Carrasquillo, Dominique Finch, Zion Ford, Rickquille McKinney, Amani Perkins, Michael Riley, and Keyon Roberson.

1

As noted in previous filings, the primary charge in the pending case is RICO conspiracy under 18 U.S.C. § 1962(d) – all defendants are charged with RICO conspiracy.  There is significant discovery associated with this charge, including both paper discovery and electronic discovery, including electronic evidence seized from numerous cellular phones.  The discovery in this case involves a period of several years, and materials generated by state investigators/authorities.

As further detailed below, the government has made nine global discovery productions as of the present date, involving several hundred written reports and documents totaling over 10,000 pages, electronic materials (including hundreds of recorded videos and social media postings), materials related to search warrants, jail calls and related materials including over 460 recorded jail calls, materials related to financial crimes, materials related to homicide investigations, and over twenty-five phone extractions (which involve thousands of electronic communications) pursuant to the Protective Order so-ordered by the Court on September 24, 2024, *see* ECF Dkt. No. 221, as well as additional defendant-specific productions containing materials related to financial crimes given that those materials

contain an extensive amount of personally identifiable information (PII).

Given the complexity and amount of discovery in the case, the defendants filed a joint motion seeking the appointment of a coordinating attorney for discovery, which the Court granted. ECF Dkt. No. 169. Recent discovery productions have been, and the remaining discovery will be, provided to the coordinating attorney for subsequent use by the defendants.

The government has previously offered and remains prepared to assist in the production of discovery to defendants who are being detained pretrial.  As noted previously, the government understands that some defendants, through their counsel, are reviewing the feasibility of using laptop computers for this discovery and are in contact with court administrators on this issue.  The government understands these conversations are ongoing and the issue has not yet been finally resolved.  If laptop computers are to be used, the government is prepared to load discovery onto the laptop computers that are provided by court administrators.  In addition, as noted above, the Court has appointed a coordinating discovery attorney to facilitate the organization and production of discovery in this case, and the government understands that the coordinating discovery

3

attorney is prepared to help generate electronic drives to be provided to facilities if necessary.

The government anticipates making an additional discovery production in the coming weeks, including additional law enforcement reports and materials related to certain state investigations including video files.  The government is in the process of obtaining legal possession of additional certain materials, including from state files.  The defendants are in the process of reviewing the initial discovery productions and may make additional discovery requests based upon their review.

Finally, as set forth in previous status pleadings, to aid in the review of the discovery, counsel for the government has met with counsel for numerous defendants to review certain significant evidentiary areas (not the government's entire potential case at trial) regarding the RICO conspiracy case against the respective defendants. New counsel was just appointed for defendant Jaquori Lyons on January 8, 2025. ECF Dkt. No. 267.

Time has been excluded under the Speedy Trial Act through January 23, 2025. *See* ECF Dkt. No. 245.  The above parties further agree to the exclusion of time under the Speedy Trial Act to the next scheduled Status Conference in the interests of

4

justice given the ongoing discovery process as such time is necessary for the parties to review the extensive discovery, resolve outstanding discovery issues, and prepare for trial. Based upon the forgoing, the parties further request that the case be designated as complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii).

<u>(b)(1) and (2)</u>

As noted above, the government is in the process of producing discovery and has made nine global productions as of the present date as well as several defendant-specific related to financial crimes given that those materials contain an extensive amount of PII.  The discovery produced to date includes forensic images of approximately twenty-seven cellular phones, over 10,000 pages of documents (including PDF and Word documents, Excel spreadsheets, and other miscellaneous documents), over 1,200 photographs, over 60 body-worn camera footage files, over 150 other video files, and over 450 jail call recordings.

As noted above and previously, the government understands that some counsel for some defendants are in contact with court administrators regarding the possibility of using laptop computers to provide discovery to defendants who are being

detained pretrial. As previously stated, if court administrator-provided laptop computers are to be used, the government is prepared to load discovery onto those laptop computers. In addition, as noted above, the government understands that the Court-appointed coordinating discovery attorney is prepared to help facilitate the organization and production of discovery on electronic drives if necessary.

The government anticipates making an additional discovery production in the coming weeks, including additional law enforcement reports and materials related to certain state investigations including video files. The government is in the process of obtaining legal possession of additional certain materials, including from state files, and will make additional productions as necessary. The defendants are in the process of reviewing the initial discovery productions and may make additional discovery requests based upon their review.

Finally, as set forth in previous status pleadings, to aid in the review of the discovery, counsel for the government has already met with counsel for several defendants to review certain significant evidentiary areas (not the government's entire potential case at trial) regarding the RICO conspiracy case against the respective defendants. The government is

prepared to meet with all counsel to conduct such a review and to follow-up with counsel on questions arising from such a review.

(b)(3)

As noted above, the government will be producing additional discovery. Some of the additional discovery will be produced under a protective order that the parties have finalized. Additional discovery may also be necessary based upon requests by the defendants.

(b)(4)

As noted above, the parties have finalized a protective order to be used in the production of phone data from seized cellular phones. Additional protective orders will likely be necessary for additional sensitive materials, including materials related to potential cooperators and/or trial witnesses.

(b)(5)

The parties request that motion dates be set at a later Status Conference.

(b)(6)

The parties request that the timing of expert reports be set at a later date due to the complexity of this case and the

7

need to meet and confer as to an appropriate disclosure schedule prior to any trial.

(b)(7)

No defense of insanity, public authority or alibi are expected at this time.

(b)(8)

Time has been excluded through January 23, 2025.  The above parties further agree, in light of ongoing discovery and the review of discovery by the defendants, that time be excluded until the next Interim Status Conference under the Speedy Trial Act. The above parties further agree that the case should be declared complex for the purposes of the Speedy Trial Act given the complex nature of the RICO conspiracy charge and the significant amount of discovery associated with the RICO conspiracy charge.

(b)(9)

The parties are engaged in substantive plea discussions with some, but not all, of the defendants given the extent of the discovery in this case and the early stage of this case. One defendant has been accepted into the RISE program.  Given that acceptance, the government anticipates a Rule 11 hearing. The parties further request that estimated length of a potential

trial be provided at a later date to allow the defendants to review discovery regarding the primary RICO conspiracy charge. As noted above, such discovery is extensive.

<u>(b)(10)</u>

The parties request an interim status conference in 60 days to allow discovery to continue and to allow the parties to meet and confer about outstanding discovery issues, including the possibility of loading discovery onto laptop computers.

> Respectfully submitted,
>
> LEAH B. FOLEY
> United States Attorney
>
> */s/ Sarah B. Hoefle*
> MICHAEL CROWLEY
> SARAH HOEFLE
> LUCY SUN
> Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the below date.

January 21, 2025
/s/ *Sarah B. Hoefle*
SARAH B. HOEFLE
Assistant U.S. Attorney