UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.                      )<br>)<br>JAQUORI LYONS, et al.        ) | No. 23-cr-10186-ADB |

<u>MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b) AND MOTION FORN
EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT THROUGH NEXT STATUS
CONFERENCE</u>

The United States, based on communications with counsel for the defendants[1], hereby submits this status memorandum addressing the issues set forth in Local Rule 116.5(b)(1) through (b)(10).

The parties request that another Interim Status Conference be set in 45 days to allow the parties to continue in the discovery process and to prepare for trial. Defendant Cirino has a Rule 11 guilty plea hearing set before the District Court. The parties also request that the Interim Status Conference set for February 25, 2025, be cancelled in lieu of the Interim Status Conference in 45 days, and move that time be excluded under the Speedy Trial Act as the additional time is necessary to review discovery and to prepare for trial.

<u>Status of Discovery</u>

---

[1] The government has not been able to meet and confer with counsel for defendant Rickquille McKinney.

1

The government will have automatic discovery produced by the week of February 24, 2025 – there is one final disclosure of materials in the government's possession that is expected to be made that week.

As the Court is aware, the primary charge in the pending case is RICO conspiracy under 18 U.S.C. § 1962(d) involving the Heath Street Gang – all defendants are charged with RICO conspiracy.  The applicable RICO conspiracy timeline extends several years and involves a wide range of racketeering activities.  As a result, there is significant discovery associated with this charge (both associational discovery materials involving the Heath Street Gang enterprise and discovery involving racketeering activities of the various defendants as well as co-defendants). The discovery in this case not only involves a period of several years, but also materials generated by state investigators/authorities from multiple jurisdictions.

The government has made eleven global discovery productions as of the present date, involving several hundred written reports and documents (totaling over 10,000 pages), electronic materials (including hundreds of recorded videos and social media postings), materials related to multiple search warrants, jail calls and related materials (including over 460 recorded

jail calls), materials related to financial crimes, and twenty-seven phone extractions (which involve tens of thousands of electronic communications, as well as other electronic evidence such as photo images and notes).

These materials have been submitted to the coordinating discovery attorney. The production scheduled for the week of February 24th will also be submitted to the coordinating attorney.

The government has also made additional defendant-specific productions containing materials related to financial crimes because those materials contain an extensive amount of personally identifiable information ("PII").

The defendants are in the process of reviewing the discovery productions and may make additional discovery requests based as their review continues. In this regard, new counsel was appointed for defendant Jaquori Lyons on January 8, 2025 – less than 60 days ago.

<u>Custodial Discovery Status</u>

The government has previously offered and remains prepared to assist in the production of discovery to defendants who are being detained pretrial. In addition, the coordinating discovery attorney is prepared to help generate electronic drives to be provided to facilities if necessary.

Defendant Lyons has been transferred to a new facility and his counsel is presently communicating with the new facility regarding Lyons' access to discovery. Defendant Avalo is having difficulties reviewing discovery in his facility; the government is prepared to meet and confer with counsel for Avalo as to resolving any outstanding issues. Defendant Bell is currently held at the Hartford Correctional Center, and counsel for Mr. Bell is attempting to determine in what format defendant Bell will be able to receive discovery as there is no law library at this facility and laptops are not permitted. Counsel for defendant Bell is communicating with the USMS on this issue. Defendant Herring is being held in Suffolk County, and his counsel have made several attempts to contact the office of the general counsel at Suffolk House to coordinate providing discovery to defendant Herring in the facility.

Defendant McDonald-Jones has been able to access the discovery through counsel and is in the process of reviewing as is his counsel. Defendant Campbell is reviewing discovery with his counsel as Campbell is not being held pretrial.

Defendant Riley is seeking additional discovery in the form of trial transcripts related to a Suffolk County trial involving one of the potential racketeering activities in the case. The government has agreed to attempt to obtain these materials and

has taken steps to try to obtain any transcripts if they presently exist.

Counsel for Defendant Ford and the government are scheduled to meet to go over additional discovery requests by Defendant Ford concerning a racketeering activity.

Speedy Trial Act

Time has been excluded under the Speedy Trial Act through January 23, 2025.  The government will file a motion to exclude time through February 25, 2025.  The parties further agree to the exclusion of time under the Speedy Trial Act to the next scheduled Status Conference in the interests of justice given the ongoing discovery process as such time is necessary for the parties to review the extensive discovery, resolve outstanding discovery issues, and prepare for trial.  Based upon the nature of the racketeering case, the parties have requested that the case be designated as complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii).

(b)(1) and (2)

The government automatic discovery is scheduled to be finalized by the week of February 24, 2025.  As noted above, the government has made eleven global productions as of the present date, as well as several defendant-specific related to financial

5

crimes given that those materials contain an extensive amount of PII. As noted above, the discovery produced to date has been extensive. The defendants are in the process of reviewing the discovery productions and may make additional discovery requests based upon their review.

(b)(3)

The government expects automatic discovery to be finalized by the week of February 24th. Additional discovery may also be necessary based upon requests by the defendants. The government is already following-up on certain requests made by defendants concerning additional discovery as noted above.

(b)(4)

The parties have finalized a protective order to be used in the production of phone data from seized cellular phones. Additional protective orders will likely be necessary for additional sensitive materials, including materials related to potential cooperators and/or trial witnesses.

(b)(5)

The parties request that motion dates be set at a later Status Conference.

(b)(6)

The parties request that the timing of expert reports be set at a later date due to the complexity of this case and the

need to meet and confer as to an appropriate disclosure schedule prior to any trial.

(b)(7)

No defense of insanity, public authority or alibi are expected at this time.

(b)(8)

Time has been excluded through January 23, 2025. <u>The government will file a motion to exclude time through February 25, 2025.</u> The parties further agree, in light of ongoing discovery and the review of discovery by the defendants, that time be excluded until the next Interim Status Conference under the Speedy Trial Act as such time is necessary to properly prepare for trial. As the Court is aware, the parties have requested in the past that the case be declared complex for the purposes of the Speedy Trial Act given the complex nature of the RICO conspiracy charge and the significant amount of discovery associated with the RICO conspiracy charge.

(b)(9)

The government is engaged in substantive plea discussions with multiple defendants. Defendant Cirino has scheduled a Rule 11 plea hearing before the District Court in February 2025. The parties further request that estimated length of a potential

trial be provided at a later date to allow the defendants to review discovery regarding the primary RICO conspiracy charge. As noted above, such discovery is extensive. The government may add additional charges, but such charges would not necessitate significant additional discovery.

<u>(b)(10)</u>

    The parties request an interim status conference in 45 days to allow discovery to continue and the defendants to review the discovery and prepare for trial.

                                Respectfully submitted,

                                LEAH B. FOLEY
                                United States Attorney

                                */s/ Michael Crowley*
                                MICHAEL CROWLEY
                                SARAH HOEFLE
                                DAVID CUTSHALL
                                Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the below date.

                      */s/ Michael Crowley*

```
February 21, 2025          Michael Crowley
                           Assistant U.S. Attorney
```