UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   No. 23-cr-10186-ADB |
| | ) |
| JAQUORI LYONS, et al. | ) |

### MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b) AND MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT THROUGH NEXT STATUS CONFERENCE

The United States, based on communications with counsel for the defendants[1], hereby submits this status memorandum addressing the issues set forth in Local Rule 116.5(b)(1) through (b)(10).

The parties request that another Interim Status Conference be set in 45 days to allow the parties to continue in the discovery process and to prepare for trial. The parties further move that time be excluded under the Speedy Trial Act to the next date set by the Court as the additional time is necessary to review discovery and to prepare for trial.

As of the present date, two defendants (Defendant Cirino and Defendant Roberson) have pled guilty. The government is in plea discussions with other defendants.

---

[1] The government has not been able to meet and confer with counsel for defendant Rickquille McKinney.

1

As the Court is aware, new counsel have been recently appointed to represent Defendant Finch and Defendant Ford.

Custodial Discovery Status

The government has been in contact with a Court representative (Mr. Andrews) regarding the need for laptop computers or other electronic materials to facilitate discovery for defendants in custody. The government believes that Mr. Andrews will be working with defendants on this issue. The government is prepared to facilitate any steps needed.

As noted in the prior status report, Defendant Lyons has been transferred to a new facility and his counsel is with the new facility regarding Lyons' access to discovery. The government has not been alerted to any potential limitations or issues regarding Mr. Lyons' review of discovery.

Defendant Avalo is having difficulties reviewing discovery in his facility. It is the government's understanding that counsel for Defendant Avalo is working with Mr. Andrews about obtaining a hard drive to be used in that facility.

Defendant Bell has been moved to Wyatt. Defendants Perkins and Carrasquillo are also at Wyatt. Per their counsel, they want a laptop to review discovery in custody. The three defendants should be working with Mr. Andrews on the laptop.

The government is prepared to facilitate the production of the laptop.

Defendant Herring is being held in Suffolk County, and his counsel have made several attempts to contact the office of the general counsel at Suffolk House to coordinate providing discovery to defendant Herring in the facility.  Per counsel, there are still difficulties.  The government will follow-up with defense counsel to aid on this issue.

Defendant McDonald-Jones has been able to access the discovery through counsel and is in the process of reviewing discovery, as is his counsel.

Defendant Campbell is reviewing discovery with his counsel as Campbell is not being held pretrial.

Defendant Riley has had initial access to discovery and has recently had some issues with accessing discovery.  The government is aware that counsel for Mr. Riley is working with Mr. Andrews regarding a possible laptop computer or other solution for the issue.

Speedy Trial Act

Time has been excluded under the Speedy Trial Act through April 11, 2025.  The parties further agree to the exclusion of time under the Speedy Trial Act to the next scheduled Status Conference in the interests of justice given the ongoing

discovery process as such time is necessary for the parties to review the extensive discovery, resolve outstanding discovery issues, and prepare for trial.  Based upon the nature of the racketeering case, the parties have requested that the case be designated as complex pursuant to 18 U.S.C. §3161(h)(7)(B)(ii).

<u>(b)(1) and (2)</u>

As noted previously, and as discussed at the last Status Conference, the discovery produced to date has been extensive. The defendants are in the process of reviewing the discovery productions and may make additional discovery requests based upon their review.

<u>(b)(3)</u>

The government expects automatic discovery to be finalized with its last trench.  Additional discovery may also be necessary based upon requests by the defendants.  The government will also supplement automatic discovery with any discovery received from local investigations that are relevant to the RICO conspiracy.

<u>(b)(4)</u>

The parties have finalized a protective order to be used in the production of phone data from seized cellular phones. Additional protective orders will likely be necessary for

additional sensitive materials, including materials related to potential cooperators and/or trial witnesses.

(b)(5)

The parties request that motion dates be set at a later Status Conference.

(b)(6)

The parties request that the timing of expert reports be set at a later date due to the complexity of this case and the need to meet and confer as to an appropriate disclosure schedule prior to any trial.

(b)(7)

No defense of insanity, public authority or alibi are expected at this time.

(b)(8)

Time has been excluded through April 11, 2025. The parties further agree, in light of ongoing discovery and the review of discovery by the defendants, that time be excluded until the next Interim Status Conference under the Speedy Trial Act as such time is necessary to properly prepare for trial. As the Court is aware, the parties have requested in the past that the case be declared complex for the purposes of the Speedy Trial Act given the complex nature of the RICO conspiracy charge and

the significant amount of discovery associated with the RICO conspiracy charge.

(b)(9)

The government is engaged in substantive plea discussions with multiple defendants.  Two defendants have pled guilty.  The parties further request that estimated length of a potential trial be provided at a later date to allow the defendants to review discovery regarding the primary RICO conspiracy charge.  As noted above, such discovery is extensive.  The government may add additional charges, but such charges would not necessitate significant additional discovery.

(b)(10)

The parties request an interim status conference in 45 days to allow discovery to continue and the defendants to review the discovery and prepare for trial.

    Respectfully submitted,

    LEAH B. FOLEY
    United States Attorney

    */s/ Michael Crowley*
    MICHAEL CROWLEY
    SARAH HOEFLE
    DAVID CUTSHALL
    Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the below date.

|  |  |
|---|---|
| April 11, 2025 | /s/ *Michael Crowley* <br> Michael Crowley <br> Assistant U.S. Attorney |