# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              )
UNITED STATES OF AMERICA,    )
    *Appellee,*                              )
                                              )
v.                                           ) Docket No. 1:23-CR-10186
                                              )
JAQUORI LYONS,                        )
    *Defendant-Appellant.*              )
_____)

## STATUS REPORT

Pursuant to this court's order (Doc. 377), the Defendant by and through counsel here provides the following status report addressing discovery production and review.

As of the date of filing, audio recordings of the Defendant's statements that the government anticipates using at trial have not been provided in a form suitable for inspection by the Defendant. Until such time as the audio files are provided in transferable form, the Defendant cannot report that he is ready for a pretrial conference.

Further details follow:

Current defense counsel was appointed on January 8, 2025. Counsel received limited discovery on January 13, 2025, and met with

1

the coordinating discovery attorney ("CDA"). On January 20, 2025, the federal public defender mailed new counsel electronic discovery on a hard drive. On January 23, 2025, counsel met with Mr. Lyons for the first time. January 24, 2025, additional discovery was received from the government. On February 4, 2025, Mr. Lyons became very sick with a stomach complaint. He received treatment at the detention center and was unable to meet with counsel. On February 24, additional discovery was received from the government. During this time, the Defendant was not able to review significant amounts of discovery and counsel was reviewing the material in order of bates stamp.

Between February 24 and March 14, 2025, the client was transferred to the Hampden County House of Correction. He was able to review discovery. On April 24th, counsel met with the Defendant. On May 9, 2025, counsel requested a reverse proffer with AUSA Crowley to speed review of discovery and to determine the likelihood of a plea agreement. On June 4, 2025, defense counsel was able to meet with Attorney Crowley and obtained a list of discovery that was relevant to the Defendant's prosecution. Counsel copied the files identified by Attorney Crowley and mailed it to the Defendant.

Counsel then undertook a review of the listed items. However, several were inaccessible, including specific oral recorded statements by the Defendant. On June 16, 2025, counsel visited the Defendant to discuss the list of relevant discovery. They discussed their difficulty accessing the relevant items. Counsel then attempted to troubleshoot the difficulty, thinking it was her own error in using the database. However, on July 22, 2025, she finally contacted the CDA and explained the difficulty.

On July 24, 2025, the CDA confirmed that the relevant audio files, as originally provided to all parties by the government, were unreadable. The data had never actually been transferred. The CDA requested replacements. Defense counsel received a dropbox link from the CDA and instructions regarding how to arrange to play the files in her office by downloading certain executables. The CDA attorney has communicated that a harddrive with the audio files in a format that can be viewed on any device will be mailed to defense counsel for use by the Defendant.

As of this date, however, counsel has not received a new harddrive with the audio files in a form that would suitable for transfer to the Defendant at the jail or playable by him there.

The Defendant anticipates that a pretrial conference would not be useful at this time, since automatic discovery due under Rule 116.1(c)(1) has not yet been made available in a form accessible to him. Counsel does not anticipate that a useful pretrial conference. could be held before the uncorrupted discovery is delivered to the Defendant and he has an opportunity to review it.

At this time, the Hampden County House of Correction has been helpful and cooperative and the Defendant has no complaints regarding ability to access files provided by the govenrment.

Respectfully Submitted,<br>
JAQUORI LYONS<br>
By Counsel,<br>
*/s/ Dana Goldblatt*<br>
Massachusetts BBO# 601022<br>
The Law Office of Dana Goldblatt<br>
150 Main Street, Rm 395<br>
P.O. Box 85<br>
Northampton, MA 01060<br>
413-570-4136<br>
dana@danagoldblattlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
UNITED STATES OF AMERICA,   )
   *Appellee,*                              )
                                          )
   v.                                      ) Docket No. 1:23-CR-10186
                                          )
JAQUORI LYONS,                    )
   *Defendant-Appellant.*           )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) on August 18, 2025.

                                                  Respectfully Submitted,
                                                  JAQUORI LYONS
                                                  By Counsel,
                                                  */s/ Dana Goldblatt*
                                                  Massachusetts BBO# 601022
                                                  The Law Office of Dana Goldblatt
                                                  150 Main Street, Rm 395
                                                  P.O. Box 85
                                                  Northampton, MA 01060
                                                  413-570-4136
                                                  dana@danagoldblattlaw.com