UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No.   23cr10186-ADB |
| ) | |
| JAQUORI LYONS, ) | |
| ) | |
| Defendant. ) | |

**ASSENTED TO MOTION FOR STATUS CONFERENCE AND MOTION FOR EXLCUSION OF TIME UNDER THE SPEEDY TRIAL ACT**

The government and Defendant Jaquori Lyons respectfully request that the Court schedule a status conference in this matter.   On this point, prior counsel for Jaquori Lyons filed a motion seeking to withdraw from the case on or about September 30, 2025.   The motion was granted by this Court, and new counsel was appointed on or about November 5, 2025.   Counsel for Defendant has been reviewing the discovery (which is substantial) and has met and conferred with the government about the matter and a potential resolution.   The parties hereby request that the Court set a status conference for the case.

The government and Defendant Lyons, through his counsel, further move that time be excluded under the Speedy Trial Act in the interests of justice from September 18, 2025 to the next date set by the Court for a Status Conference as this additional time is necessary to review discovery and to prepare for trial, especially given that new trial counsel was only recently appointed on or about November 5, 2025.

Pursuant to the Speedy Trial Act, the Court can order such an exclusion of time on its own motion or either the defendant or the government can request such an exclusion.   *See* 18 U.S.C. § 3161(h)(7)(A).   This exclusion "covers '[a]ny period of delay resulting from a

1

continuance granted by any judge … if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Watson*, 766 F.3d 1219, 1229 (10th Cir. 2014) (citing § 3161(h)(7)(A)). "To grant an ends-of-justice continuance, the district court must 'set[] forth in the record of the case, … its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.' … and consider the four factors set forth in the STA." *Id*. (citation omitted)[1]; *see also United States v. Boone*, 2002 WL 31761364 at *5 (D.N.J. Dec. 6, 2002) ("To enter an appropriate ends of justice continuance, the court must grant the continuance before the Speedy Trial Act clock has run and must place its reasons for granting the continuance on the record."). As factors in the evaluation of an exclusion in the interests of justice, the Court "can consider whether failure to grant a continuance 'would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.'" *United States v. Shaw*, 510 F.Supp.2d 148, 152 (D.D.C. 2007); *see also United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993) (The STA allows an exclusion of time "where the government needs additional time to prepare, so long as the government has not created that need itself through lack of diligence."). The proposed exclusion of time is merited because it is necessary for the adequate preparation for trial and, thus, "'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"

---

[1] The four factors are set forth at 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Michael Riley, through his counsel, also moves for the setting of a Status Conference and an exclusion of time from September 18, 2025, through the next Status Conference under the Speedy Trial Act under the same grounds because Defendant Riley is still involved in reviewing evidence and preparing for trial, including preparing a motion to suppress evidence in a related case (which would have a potential impact on the resolution of this case).[2]

                                          Respectfully submitted,

                                          LEAH B. FOLEY
                                          United States Attorney

                            By:    */s/ Michael J. Crowley*
                                    MICHAEL J. CROWLEY
Dated: January 16, 2026                Assistant U.S. Attorney

---

[2] The exclusion of time for one defendant would also exclude time for all other defendants in the case. *See United States v. Rodriguez-Garica*, 2023 WL 5834975 at *3 (D. Mass. Sept. 8, 2023) ("… the First Circuit has recognized, 'join[ing] the Second, Third, Seventh, Eighth, Eleventh, and District of Columbia Circuits and hold[ing] that [§ 3161](h)(7) stops the [speedy trial] clock for one defendant in the same manner and for the same amount of time as for all co-defendants.'") (citation omitted); *United States v. Casas*, 425 F.3d 23, 31 (1st Cir. 2005) ("Our precedent makes clear that 'any defendant's motion resulting in excludable time toll[s] the STA clock for his codefendants.'"); *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant. *Henderson v. United States,* 476 U.S. at 323 n. 2, 106 S. Ct. at 1873 n. 2. The excludable delay of one co-defendant may be ascribed to all defendants.").

**CERTIFICATE OF SERVICE**

  I, Michael J. Crowley, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                /s/ *Michael J. Crowley*
                MICHAEL J. CROWLEY
                Assistant U.S. Attorney